UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| R.R., and E.R.,<br><br>Plaintiffs,<br><br>v.<br><br>BLUE SHIELD OF CALIFORNIA,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING STIPULATED MOTION TO TRANSFER VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA (DOC. NO. 17)**<br><br>Case No. 2:22-cv-00502<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiffs R.R. and E.R. brought this Employee Retirement Income Security Act ("ERISA") action against Defendant Blue Shield of California. The parties have filed a Stipulated Motion to Change Venue to the Northern District of California.[1] Because the parties have shown the Northern District of California is a proper forum and the parties agree a change of venue will enhance the convenience of parties and witnesses, the motion is granted.

ANALYSIS

Section 1404(a) of Title 28 provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have

---

[1] ("Mot.", Doc. No. 17.) A magistrate judge may rule on this motion pursuant to 28 U.S.C. § 636(b)(1)(A) because a motion to transfer venue is not dispositive. *See A.F. v. Highmark Blue Cross Blue Shield*, No. 2:19-cv-00183, 2020 U.S. Dist. LEXIS 71239, at *8 n.4 (D. Utah Apr. 21, 2020) (unpublished) ("[T]he court treats the instant motion to transfer venue as seeking non-dispositive relief.").

1

consented."[2] To satisfy section 1404, the moving party must establish two separate elements.[3] First, the party seeking transfer "must show that the transferee court is a proper forum in which the action could have been brought originally."[4] Second, the party must establish "that the transfer will enhance the convenience of the parties and witnesses, and is in the interest of justice."[5] An ERISA case can be brought "in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found."[6]

In their supplemental brief, the parties satisfy the first element and stipulate to the second element.[7] The parties indicate Defendant Blue Shield is a California corporation which resides in California.[8] Further, the parties indicate the plan at issue is administered in California and "Plaintiffs, Defendants, and the [p]lan all may be found in California."[9] With these joint assertions, the parties have met their burden to establish the Northern District of California is a proper forum where the action could have been brought originally.

---

[2] 28 U.S.C. § 1404(a).

[3] *See Mandel v. Hafermann*, No. 2:19-cv-00563, 2020 U.S. Dist. LEXIS 96286, at *3 (D. Utah June 1, 2020) (unpublished).

[4] *Id.* (internal quotation marks omitted).

[5] *Id.* (internal quotation marks omitted).

[6] 29 U.S.C. § 1132(e)(2).

[7] In their initial motion, the parties did not establish the Northern District of California was a proper forum in which the action could have been brought originally.  (*See* Mot., Doc. No. 17.)  The court ordered supplemental briefing as to this element.  (*See* Doc. No. 18.)

[8] (Suppl. Br. Concerning Parties' Mot. to Transfer Venue to the N.D. of Cal. ("Suppl. Br.") 3, Doc. No. 19.)

[9] (*Id.*)

With regard to the second element, the parties agree the change of venue will save party resources and further the interest of judicial economy.[10] Where the parties have established the transfer will enhance the convenience of the parties and the interests of justice, they have met their burden.

## CONCLUSION

The court GRANTS the motion to transfer venue[11] and ORDERS that the case be transferred to the Northern District of California.

DATED this 6th day of December, 2022.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge

---

[10] (*See* Mot. 1, Doc. No. 17.)  While the parties stipulate to the change of venue, Plaintiffs do not concede Utah is an improper venue under 29 U.S.C. § 1132(e)(2).

[11] (Doc. No. 17.)